IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD SEASTRUNK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2795-L |
| | § | |
| ENTEGRIS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On October 31, 2017, Plaintiff Reginald Seastrunk filed a Motion to Compel Production of Information and Documents from Defendant Entegris, Inc., *see* Dkt. No. 17 (the "MTC"), which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for a hearing, if necessary, and for determination under 28 U.S.C. § 636(b), *see* Dkt. No. 19.

Defendant Entegris, Inc. filed a response, *see* Dkt. No. 22, but Seastrunk has not filed a reply, and his time to do so has passed, *see* Dkt. No. 20.

Seastrunk seeks an order under Federal Rules of Civil Procedure 26(b)(1) and 37(a) compelling discovery from Entegris in response to Seastrunk's First Interrogatories and Request for Production of Documents, to which Entegris served its responses and objections on or about March 10, 2017, *see* Dkt. No. 17 at 1-2, and served supplemental responses, answers, and objections on September 8, 2017, *see* Dkt. No. 22 at 135.

For the reasons and to the extent explained below, the Court DENIES Plaintiff

Reginald Seastrunk's Motion to Compel Production of Information and Documents

from Defendant Entegris, Inc. [Dkt. No. 17].

## Background

The pertinent factual background and procedural background is familiar to the

parties and will not be extensively recounted here. As Seastrunk explains, he

is a former Project Manager for Defendant, which is primarily involved in the business of providing products and systems that purify, protect, and transport critical materials used in the semiconductor fabrication process. Seastrunk alleges race and retaliation discrimination in violation of Title VII, 42 U.S.C. § 1981 and the TCHRA. Specifically, Seastrunk's allegations include that he was: (1) subjected to differential working conditions, including in regard to job evaluation and disciplines; (2) subjected to retaliation for opposition to race discrimination conduct, and/or (3) terminated due to discrimination and/or in retaliation for opposition to discrimination.
....

Seastrunk requested substantial information and numerous documents from Entegris which have not been provided. The following documents are the only documents Entegris produced in response to Seastrunk's document requests and in its original Initial Disclosures:

1. Emails relating to Seastrunk job performance, disciplinary action, request to transfer and termination;
2. Personnel file of Seastrunk, including Salary and Benefit documents;
3. Seastrunk Performance Improvement Plan ("PIP") and form PIP;
4. Coaching and Corrective Action Guidelines and Corrective Action Form;
5. Employee Termination Guidelines;
6. Manager Meeting Guidelines;
7. Sr. Design Engineer Job Posting;
8. Project Manager Job Description;
9. Entegris Articles on Managing Your Moods at Work and Managing Stress;
10. Log Relating to Gonzalez Weekly Meetings with Seastrunk;

| | |
|---|---|
| 11. | TWC records relating to Seastrunk's application for unemployment and charge; |
| 12. | 2013-2016 Entegris Benefits Guides; |
| 13. | Various Employment Handbook Policies; |
| 14. | Powerpoint and some Emails Relating to Organizational Change March 2016; |
| 15. | Entegris Code of Business Manual; |
| 16. | Workforce Analysis Document; |
| 17. | Various Organizational Charts; |
| 18. | EPL Policy; |
| 19. | Seastrunk Personal Data Page Reflecting Race and Personal Data Pages of Several Other Employees. |

Dkt. No. 17 at 1, 2. Seastrunk contends that, "[i]n failing to produce substantial information and documents Seastrunk requested, Entegris is in violation of the Federal Rules of Civil Procedure. Seastrunk thus requests that this Court compel production of the requested information and documents." *Id.* at 3.

Entegris responds that

Seastrunk, a former employee of Entegris, filed this action on September 29, 2016, alleging race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and The Texas Commission on Human Rights ("TCHRA"), and retaliation. On December 5, 2016, Seastrunk served his First Request for Production of Documents, and on January 31, 2017, he served his First Interrogatories and Requests for Admission (collectively, "Discovery Requests"). App. 1-36. On January 27, 2017, Entegris served its responses to Seastrunk's Requests for Production and on March 10, 2017, Entegris served its responses to Seastrunk's First Interrogatories and Requests for Admission (collectively, "Discovery Responses"). App. 37-86.

On February 10, 2017, Entegris produced almost 422 pages of responsive documents. Despite Entegris's responses and significant document production, Seastrunk's counsel sent a deficiency letter and draft motion to compel (collectively, "Deficiency Letter") – requesting new documents or information – complaining that Entegris's Discovery Responses had been inadequate. App. 87-116. As indicated in the Motion's Certificate of Conference ("Certificate of Conference"), Seastrunk's counsel conferred with Entegris's counsel regarding the documents and information sought by the Deficiency Letter on August 21

and September 6, 2017. On September 8, 2017, Entegris responded to the Deficiency Letter by serving its First Amended and Supplemental Objections and Responses to Plaintiff's First Interrogatories and First Amended Supplemental Objections and Responses to Plaintiff's First Request for Production (collectively, "Supplemental Discovery Responses") and thereafter on September 10 and 13, 2017 produced an additional 228 pages of responsive documents. App. 117-154; 172.

However, in an attempt to mislead the Court, the Motion's Certificate of Conference omits any mention of the Supplemental Discovery Responses and disingenuously implies that Seastrunk's counsel conferred with Entegris's counsel during the seven weeks after Entegris served its Supplemental Discovery Responses and production:

On September 10 and 13, 2017, Defendant provided some additional supplementation. Some agreements were reached on various matters, but as to those matters contained herein, agreement could [not] be reached concerning the motion because the parties have a dispute regarding the scope of requested discovery.

[Doc. No. 17].

Dkt. 22 at 4-5 (emphasis omitted).

Entegris notes that "Local Rule 7.1(a) requires a party to confer with an opposing party before filing a contested motion" and that "Seastrunk's counsel never attempted to confer with Entegris's counsel regarding its Supplemental Discovery Responses – or any written discovery issues – after Entegris's September 10 and 13 productions, despite many subsequent opportunities to do so." *Id.* at 5. According to Entegris, "[t]his omission is even more concerning considering that during this same period, counsel for the parties conferred at least eleven times – on September 18, 21, and 22, and October 3, 11, 12, 23, 24, 25, 30, and 31 (the very day Seastrunk filed the [MTC]) – regarding Seastrunk's repeated failure to appear for his properly-noticed deposition and Seastrunk's potential need for an extension of deadlines," and "[n]ot once during these repeated conferrals related to the case did Seastrunk's counsel

identify or reference a single remaining discovery deficiency included in the [MTC]."

*Id.* at 5-6 (citing App. 155-170, 173-176; emphasis omitted).

Entegris contends that

the [MTC] and Brief filed in support of the [MTC] (the "Brief") would lead the Court to believe that Entegris never served the Supplemental Discovery Responses at all, as Plaintiff has only presented the original Discovery Responses to the Court, effectively seeking rulings with respect to objections and responses that have been replaced by amendment and supplementation. *See* ECF Doc No. 18-1, pp. 4-24. This is a gross waste of judicial resources and has forced Entegris to incur unnecessary attorneys' fees.

Further, it is particularly troubling that in the [MTC], Seastrunk claims that Entegris has been holding up discovery, when in reality, it is Seastrunk who unilaterally cancelled his deposition twice – once via a non-appearance on September 15th without providing any specific explanation and again on October 3rd, citing unspecified medical issues. App. 155; 159. Therefore, Entegris objects to the [MTC] and urges the Court to deny it due to Plaintiff's abject failure to confer in good faith pursuant to the Local Rules' requirements. *See Anzures v. Prologis Texas I LLC*, 300 F.R.D. 314, 316 (W.D. Tex., 2012) (court denied plaintiff's motion to compel after finding plaintiff failed to make a good faith effort to confer prior to filing motion to compel); *see also Stewart v. AT & T, Inc*, 2008 WL 4610226, at *1 (W.D. Tex. 2008) (denied motion to compel absent party's good faith effort to confer before filing).

*Id.* at 6 (emphasis omitted).

Finally, Entegris argues that, "even if Seastrunk's counsel had properly conferred with Entegris's counsel prior to filing the instant [MTC], the Court should still deny the [MTC] on its merits," because, "[a]s demonstrated in greater detail below [in Entegris's response], Seastrunk's Discovery Requests are overly broad, irrelevant, impermissible fishing expeditions, disproportional to the needs of the case, or have been fully and adequately responded to." *Id.* at 7 (footnote omitted).

**Legal Standards**

"Unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

"Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case – which are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017).

"To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Id.* at 280.

And Rule 26(b)(1) defines the scope of what is discoverable not as any nonprivileged facts but, more broadly, as "any nonprivileged matter." FED. R. CIV. P. 26(b)(1). "That is, the scope of discovery is not limited simply to 'facts,' but may entail other 'matters' that remain relevant to a party's claims or defenses, even if not strictly

fact-based." *Samsung*, 321 F.R.D. at 280 (internal quotation marks omitted). "For example, [i]nformation relevant to a party's credibility may fall within Rule 26(b)'s scope." *Id.* (internal quotation marks omitted).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv); *accord Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. FED. R. CIV. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.' FED. R. CIV. P. 26(c)(1)(D); *see also* FED. R. CIV. P. 37(a)(5)(B)."). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Federal Rule of Civil Procedure 34(a)(1) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated

documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things." FED. R. CIV. P. 34(a). Further, Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. FED. R. CIV. P. 34(b)(1)(A).

In response to a Rule 34(a) request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.'" *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 507 (N.D. Tex. 2016) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); quoting FED. R. CIV. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

As to interrogatories, Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). "Generally, an interrogatory may relate to any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Pilver v. Hillsborough Cty.*, No. 8:15-CV-2327-T-23JSS, 2016 WL 4129282, at *3 (M.D. Fla. Aug. 3, 2016).

In response to interrogatories under Rule 33, "[t]he interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and "[t]he grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(3)-(4). "Answers to interrogatories must be written, and signed under oath by the party to whom the interrogatories were directed – not his or her attorney." *Crum & Forster Specialty Ins. Co. v. Explo Sys., Inc.*, No. 12-3080, 2015 WL 7736650, at *3 n.7 (W.D. La. Nov. 30, 2015) (emphasis in original omitted).

In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and

affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

As to the sufficiency of an interrogatory answer,

> as the Fifth Circuit has observed, "[d]iscovery by interrogatory requires candor in responding.... The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977). The fact that an interrogatory calls for a thorough response – one that will take time and effort to answer – does not make it improper. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973). Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],'" a party's obligation under Rule 33 is satisfied. *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. A-11-cv-542-LY, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010)). [An answering party] is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him. *See* 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013).

*Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016). And Federal Rule of Civil Procedure 33(a)(2) specifically explains that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." FED. R. CIV. P. 33(a)(2).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C.*

*v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

And the Court has previously explained that "responding to interrogatories and document[] requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based

on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)).

A party who has objected to a discovery request must, in response to a Rule 37(a) motion to compel, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

Federal Rules of Civil Procedure 26(b) and 34 have been amended, effective December 1, 2015. These amendments govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. For the reasons the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr*, 312 F.R.D. at 463-69. Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("In this instance, defendant has offered nothing more than

-13-

a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is also subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95.

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

"Additionally, a proper Rule 37(a) motion to compel ... must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1." *Samsung*, 321 F.R.D. at 285 (internal quotation marks omitted); *accord* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015) ("Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion." (internal quotation marks and citations omitted)), *on reconsideration in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2014 WL 2777373, at *2

(N.D. Tex. June 19, 2014) ("[T]he conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, including pro se parties, that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex.1988).").

"When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss each matter in good faith to comply with conference requirements. When it may require several hours of court time to resolve the numerous issues raised; it seems logical that the parties will have spent an equal or greater amount of time attempting to resolve the issues without judicial involvement." *Brown*, 2015 WL 11121361, at *4 (internal quotation marks and citation omitted).

A proper Rule 37(a) motion to compel also "'must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining ... how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and

authority that support the motion as to each discovery request in dispute.'" *Samsung Elecs. Am. Inc. v. Chung*, ___ F.R.D. ___, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) (quoting *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682-D, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016) (citing FED. R. CIV. P. 7(b)(1); FED. R. CIV. P. 37(a); N.D. TEX. L. CIV. R. 5.2(3); N.D. TEX. L. CIV. R. 7.1))).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A); *accord Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008).

Federal Rules of Civil Procedure 37(a)(5)(B) and 37(a)(5)(C) further provide in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially

-17-

justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C); *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008).

"[A] motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *De Angelis*, 265 F. App'x at 398 (internal quotation marks omitted); *see also Heller*, 303 F.R.D. at 477 ("The United States Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.' 'Substantial justification' entails a 'reasonable basis in both law and fact,' such that 'there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action].'" (citations omitted)).

## Discussion

I.  <u>Seastrunk's general arguments as to Entegris's objections</u>

As an initial matter, Seastrunk's MTC addresses specific Requests for Production ("RFPs") and Interrogatories, *see* Dkt. No. 18 at 5-19, but also makes the following argument at the outset:

> Seastrunk requests the Court require Entegris comply with Rule 34, effective in December 2015. Rule 34(b)(2)(C) requires:
> Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

In certain Requests, Entegris failed to comply with Rule 34 and state whether it is withholding documents as to some responses where it has stated objection. Also, it has repeatedly made objections and responded "subject to and without waiving" its objections. Such objections are improper. *See Heller v. City of Dallas*, 303 F.R.D. 466, 485-487 (N.D. Tex. November 12, 2014). Seastrunk requests that the Court require Entegris comply with the provisions of Rule 34 as to all Requests where it has not done so, which require that it indicate in all of responses whether documents are being withheld. Seastrunk further requests that Entegris be required to amend its responses to remove all responses that state "subject to and without waiving objections." The amendments to the Federal Rules were put in place to cure exactly the issue here: due to responses "subject to and without waiving objections," where it is not stated whether responsive documents exist, it is impossible to determine whether there are responsive documents being withheld in response to Seastrunk's discovery requests.

*Id.* at 4-5.

The Court agrees with Seastrunk's propositions generally, as explained above in setting out the pertinent legal standards. But Seastrunk does not even list by number the RFPs that are at issue. Seastrunk, as the movant under Rule 37(a), cannot place the burden on the Court to identify to which RFPs "Entegris failed to comply with Rule 34 and state whether it is withholding documents as to some responses where it has stated objection." The responses and objections that Seastrunk attached to his MTC are also limited to those RFPs and Interrogatories specifically addressed in his brief: RFP Nos. 5, 9, 10, 13, 21, 25, 28, 31, 32, 33, and 35 and Interrogatory Nos. 13, 14, 15, 16, and 18.

Again, a proper motion to compel "must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the

resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining ... how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Samsung*, 2017 WL 896897, at *13.

In making only this general request without identifying or attaching the responses as to which he seeks relief, Seastrunk has not complied with these requirements or given the Court a basis to properly assess and determine his request for relief, and the Court therefore DENIES his MTC as to this point.

II.    Seastrunk's failure to comply with the pre-filing conference requirement

Although the MTC does not attach the amended and supplemented responses and answers that Entegris served on September 8, 2017, it appears to at various points address the substance of them. But the record before the Court makes clear that, after receiving substantially supplemental and amended responses to the RFPs and answers to the Interrogatories at issue in mid-September, Seastrunk's counsel did not again confer, meaningfully or otherwise, with Entegris's counsel on any remaining discovery disputes as to the RFPs and Interrogatories and instead, about 45 days later, filed the MTC to present the issues that Seastrunk sees with the amended and supplemented responses and answers to the Court for resolution.

That is not how the process works. As the Court has explained in other cases, "[a] failure to satisfy conference requirements does not [] mandate summary denial of [discovery] motions because the Court retains discretion to waive strict compliance with the conference requirements and to consider the motions on their merits" and "may deem a failure to confer excusable when the conference would merely be a waste of time, or when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *Samsung Electronics America, Inc. v. Chung*, 321 F.R.D. 250, 288 (N.D. Tex. 2017) (internal quotation marks and citations omitted). But the Court does not believe that conferring during the month and a half between service and filing the MTC on the amended and supplemental responses and answers that are actually at issue would have been a waste of time and would not possibly have eliminated or narrowed the parties' disputes here.

"The conference requirements of the Federal Rules of Civil Procedure and the local rules of this Court serve the important function of narrowing or eliminating issues before a party seeks judicial involvement," *id.* (internal quotation marks omitted) – and doing so before parties have become further entrenched in their positions while engaging in and incurring the expense of adversarial briefing.

And Seastrunk – while attaching only some of the original discovery responses and answers, leaving it to Entegris to submit the complete, relevant requests, objections, responses, and answers – offers no explanation for his counsel's failure to confer on the amended and supplemental responses and answers before filing the MTC on October 31, 2017. Rather, the MTC's Certificate of Conference simply says that,

"[o]n September 10 and 13, 2017, Defendant provided some additional supplementation. Some agreements were reached on various matters, but as to those matters contained herein, agreement could be reached concerning the motion because the parties have a dispute regarding the scope of requested discovery." Dkt. No. 17 at 4.

Under all of the particular circumstances here – and where the discovery deadline has again been extended to February 2, 2018 and the deadline to file "[a]ll motions to compel discovery or to impose sanctions against a party for failure to comply with another party's discovery request" extended to February 9, 2018, Dkt. No. 23 at 4 – the Court DENIES the MTC for failing to comply with the pre-filing conference requirements.

III.    Award of expenses

The Court will grant Plaintiff Reginald Seastrunk until **January 4, 2018** to file a response explaining why the Court should not enter an order requiring him or his counsel to pay Defendant Entegris, Inc., as required by Rule 37(a)(5)(B), the expenses, including attorneys' fees, that Entegris incurred in drafting and filing its Objection and Response to Plaintiff's Motion to Compel [Dkt. No. 22].

Entegris, may file a reply in support of an award of expenses under Rule 37(a)(5)(B) by **January 18, 2018**.

**Conclusion**

For the reasons and to the extent explained above, the Court DENIES Plaintiff

Reginald Seastrunk's Motion to Compel Production of Information and Documents

from Defendant Entegris, Inc. [Dkt. No. 17] without prejudice.

SO ORDERED.

DATED: December 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE